IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA PUGLISI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | NO. 11-1914 |

**MEMORANDUM**

**Padova, J.**                                                                                                                                     June 20, 2011

      Plaintiff Maria Puglisi brought this action in the Philadelphia Court of Common Pleas against her automobile insurer, State Farm Mutual Automobile Insurance Company, seeking underinsured motorist benefits. The Complaint alleges that Plaintiff was injured in an automobile collision caused by a third party who had a State Farm insurance policy but was underinsured. The Complaint further alleges that Plaintiff's damages far exceeded the $23,617.50 that State Farm tendered to Plaintiff under the third party's policy, and the Complaint asserts that State Farm is contractually obligated to pay the remainder of Plaintiff's damages up to $500,000 pursuant to Plaintiff's own State Farm policy (the "Policy"). State Farm, an Illinois corporation with its principal place of business in Illinois, removed the case to this Court on the basis of diversity jurisdiction. See 28 U.S.C. §§ 1441(a), 1332(a)(1). Before the Court is Plaintiff's Petition to Remand the case to the Philadelphia Court of Common Pleas. For the reasons that follow, we deny the Petition.

      Plaintiff argues that this action is essentially one for a declaratory judgment, that we have discretion to remand declaratory judgment actions, and that we should exercise that discretion to remand this case because it concerns the scope of insurance coverage under state law. See State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134-35 (3d Cir. 2000) (recognizing that "'[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims

within their jurisdiction yields to considerations of practicality and wise judicial administration,'" and stating that "the fact that [district courts] do not establish state law, but are limited to predicting it" is "especially important in insurance coverage cases" (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995))); see also Rinkenbach v. State Auto Ins. Co., Civ. A. No. 07-870, 2007 WL 1314889 (E.D. Pa. May 4, 2007) (granting a petition to remand a declaratory judgment action concerning the scope of insurance coverage under state law). Plaintiff does not argue that we would have discretion to remand this case if it were properly understood as an ordinary breach of contract suit for damages, and indeed we would not. See Wilton, 515 U.S. at 284 (noting that "federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress" (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976))); see also Shah v. Hyatt Corp., No. 10-1492, 2011 WL 1570598, at *3-4 (3d Cir. Apr. 27, 2011) (stating that district courts generally lack discretion to remand claims over which they have original jurisdiction pursuant to 28 U.S.C. § 1332(a) (citing Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 787 (3d Cir. 1995))). Thus, Plaintiff's argument that we should remand hinges on Plaintiff's contention that this action is essentially one for a declaratory judgment.

However, the Complaint is not captioned as an action for declaratory judgment, see Pa. R. Civ. P. 1601(a) ("A plaintiff seeking only declaratory relief shall commence an action by filing a complaint captioned 'Action for Declaratory Judgment'."), and does not expressly request declaratory relief. See Pa. R. Civ. P. 1602 (providing that a plaintiff seeking declaratory and other relief may "include in the claim for relief a prayer for declaratory relief"). Rather, the Complaint contains only a single Count, which is titled "Compensatory Relief/Underinsured Motorist Benefits," and seeks only "judgment against Defendant, State Farm Mutual Automobile Insurance Company,

2

in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, and such other just and equitable relief as this Court deems proper." (Compl. at 5, 8.) Nowhere does the Complaint use the phrase "declaratory judgment."

Plaintiff nonetheless contends that we should treat this action as one for a declaratory judgment. To support that contention, Plaintiff emphasizes that her Policy provides that when the policy holder requests underinsured motorist benefits, and State Farm does not agree both that the policy holder is entitled to those benefits and to the amount of benefits, the policy holder must (1) bring suit; (2) name State Farm, the underinsured third party, and any others potentially liable as defendants; and (3) secure a judgment. (6127BJ Amendatory Endorsement (the "Policy Amendment"), attached as Ex. 3 to Pet. to Remand, at 4.) Plaintiff interprets these provisions to mean that "State Farm is not bound to perform under the contract unless Plaintiff obtains a court judgment," and argues that State Farm "is not yet in breach of contract, and this action is therefore not grounded in breach of contract." (Pet. to Remand ¶¶ 13, 17 (emphases omitted).) Consequently, according to Plaintiff, this must be an action for a declaratory judgment. We disagree.

Plaintiff's Policy states broadly that State Farm "will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle." (Policy, attached as Ex. 2 to Pet. to Remand, at 14.) In the very next sentence, the Policy expressly imposes two conditions on that obligation: the bodily injury must be "sustained by an insured," and the bodily injury must be "caused by accident arising out of the operation, maintenance or use of an underinsured motor vehicle." (Id.) Although elsewhere the Policy requires that a policy holder secure a judgment against State Farm when State Farm has refused to pay underinsured motorist benefits, (Policy Amendment at 4), nothing in the text of the Policy supports the contention that such

3

a judgment is a condition precedent to State Farm's obligation to pay underinsured motorist benefits in the first place. Indeed, a contractual limitation on the dispute resolution mechanisms available to an aggrieved party is not necessarily a condition precedent to the other party's obligations under the contract, and Plaintiff has pointed to no language in the Policy that indicates that the limitation on dispute resolution mechanisms operates as such a condition here.

Moreover, Plaintiff's interpretation of the Policy would have puzzling implications. It is unclear how a court could ever conclude that State Farm is obligated to pay underinsured motorist benefits if State Farm is not obligated to pay until a court reaches that conclusion. In other words, if a judgment is a condition precedent to State Farm's liability under the contract, we fail to see a valid basis on which a court could enter such a judgment. Accordingly, we conclude that the policy does not condition State Farm's obligation to pay underinsured motorist benefits on the policy holder's compliance with the dispute resolution provision. As such, the Policy does not compel, or even support, the conclusion that Plaintiff's suit seeking underinsured motorist benefits under the policy is an action for a declaratory judgment.

Under these circumstances, we conclude that this action is properly understood as a breach of contract action, not a declaratory judgment action. See Craker v. State Farm Mut. Auto. Ins. Co., Civ. A. No. 11-225, 2011 WL 1671634, at *2-4 (W.D. Pa. May 3, 2011) (denying the plaintiffs' motion to remand an action seeking underinsured motorist benefits from State Farm, interpreting the dispute resolution provision at issue here, and stating that "the Crakers' breach of contract claims . . . will proceed to discovery"); Rubin v. State Farm Mut. Auto. Ins. Co., Civ. A. No. 10-1651, 2011 WL 61175, at *1-2 (W.D. Pa. Jan. 7, 2011) (interpreting the complaint in an action seeking underinsured motorist benefits from State Farm pursuant to a policy containing the dispute resolution

4

provision at issue here as asserting, among others, a "breach of contract" claim). We therefore have no discretion to decline jurisdiction. See Shah, 2011 WL 1570598, at *3-4. Consequently, we deny Plaintiff's Petition to Remand.

An appropriate Order follows.

BY THE COURT:


/s/ John R. Padova
_____
John R. Padova, J.